United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DAVID STEBEN CHAVEZ YARA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:26-cv-00861** |
| | § | |
| **GRANT DICKEY,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

**ORDER**

Before the Court is Respondents' Motion to Reconsider (ECF No. 8). For the reasons that follow, the Court now **GRANTS IN PART** the Motion for Reconsideration, **VACATES** the Court's February 5 order (ECF No. 7), and **ORDERS** Respondents to release Petitioner within 48 hours, with further specifications provided below.

## I.    BACKGROUND

Petitioner David Steben Chavez Yara is a 31-year-old citizen of Columbia. ECF No. 11 at 2. Petitioner entered the United States in 2021. *Id.* On December 3, 2025, ICE took Petitioner into custody at a scheduled ICE check-in. *Id.* ICE served Petitioner with a Notice to Appear charging him with inadmissibility pursuant to Immigration and Nationality Act ("INA") §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) and 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). ECF No. 6 at 2. The Government confirmed via email that Petitioner was previously released on parole on January 4, 2022; a copy of that release order is attached below.

1 / 5

While released on parole, Petitioner complied with all immigration supervision requirements. He has no criminal record. ECF No. 1 at ¶¶ 10, 13. Nonetheless, Respondents re-detained Petitioner at a routine ICE check-in on December 3, 2025. *Id.* at ¶ 11.

On February 5, 2026, this Court ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. ECF No. 7. Following that order, the Fifth Circuit issued its decision in *Buenrostro-Mendez v. Bondi*, No. 25- 20496, ---- F.4th ---- 2026 WL 323330 (5th Cir. Feb. 6, 2026). Pursuant to that decision, on February 11, 2026, an IJ denied bond, finding that the "Court [did] not have jurisdiction to hear the bond redetermination," citing *Buenrostro-Mendez*. ECF No. 9-1, Exh. 1. Respondents then field the instant Motion to Reconsider. Petitioner remains in custody and is being held subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

## II.   ANALYSIS

This Court agrees with Respondents that Petitioner is properly subject to § 1225 under *Buenrostro-Mendez*, which forecloses Petitioner's statutory claim. ECF No. 8 at 3-5. The relief previously ordered by this Court—a bond hearing under § 1226—is not the appropriate relief for Petitioner. The Court's prior order must therefore be vacated.

However, in his Petitioner, Petitioner also argued that his re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. ECF No. 1 at ¶¶ 31-33. The Court agrees that Petitioner's re-detention violates his due process rights. The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance

2 / 5

without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at \*3-4; *Alvarez Rico*, 2026 WL 522322 at \*4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at \*3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

### III.    RELIEF

The Court therefore **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of his prior release order, attached below.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

4. The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 23, 2026**, informing the Court of the status of Petitioner's release.

3 / 5

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on March 20, 2026.

Keith P. Ellison
United States District Judge

# <u>ATTACHMENT</u>

5 / 5

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

Date: 01/04/2022
In Reference to: A # 220 663 223
Name: Chaves-Yara, David Steben

## INTERIM NOTICE AUTHORIZING PAROLE

This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) has decided to parole you from its custody pursuant to its authority under section 212(d)(5)(A) of the Immigration and Nationality Act. This notice is being issued to you in lieu of Form I-94, *Arrival-Departure Record, see* 8 C.F.R. § 235.1(h)(2), and you should maintain a copy of this letter in your possession at all times.

Your parole authorization is valid for one year beginning from the date on this notice and will automatically terminate upon your departure or removal from the United States or at the end of the one-year period unless ICE provides you with an extension at its discretion. ICE may also terminate parole on notice prior to the automatic termination date. Parole is entirely within the discretion of ICE and can be terminated at any time and for any reason. Your parole is not valid for work authorization and is not an admission in lawful status.

Parole is conditioned on you complying with the terms and conditions of your release. You must notify ICE and the immigration judge of any address correction or address change. You must report for every scheduled hearing before the immigration court and every appointment as directed by ICE (including for removal from the United States should you become subject to a final removal order). You must not violate any local, State or Federal laws or ordinances. You must comply with any other specified conditions if identified separately.

I certify that I received a copy of this notice.

| Chaves-Yara, David Steben | David Chaves Y. | 01 04 22 |
|---|---|---|
| Alien Name | Alien Signature | Date |

---

### CERTIFICATE OF SERVICE

I certify that on today's date, I served the respondent a copy of this parole notice by the following method (as checked):

☒ In person  ☐ Other: _____

| DO Charles Lopez | | 01/04/2022 |
|---|---|---|
| ICE Official Name | ICE Official Signature | Date |
| Tarango, Christopher; SDDO | | 01/04/2022 |
| Deciding Official Name | Deciding Official Signature | Date |

Parole bond on the amount of: Humanitarian

Notice Authorizing Parole
Page 2

## Continuation Page for Interim Notice Authorizing Parole

To: Chaves-Yara, David Steben

13920 Mandolin DR Houston, Texas 77070

(713) 349-4294

Date: 01/04/2022
File: A# 220 663 223
Bond: **(Parole with Reporting Requirements)**

You have been released from service custody pending a final decision in your exclusion/deportation hearing. It is understood that you will be residing at the above address. As stated on the previous page, you are required to notify the Immigration Judge (at the address shown below) of any address correction or address change. When doing so, be sure to include your name and the File Number shown above in your written communication. The attached form, EOIR-33 can be used for this purpose.

Court Address
Office of the Immigration Judge

Continental Center II
1801 Smith Street, 9th Floor
Houston, TX 77002
713-718-3870

You must report in person to: 450 N. Sam Houston Parkway, #150 Houston, TX 77060    281-448-0253

On:    5/17/22                              @ Time:    9:30 am



PHOTO



RIGHT INDEX